| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| KATHY A. DOCKERY<br>CHAPTER 13 TRUSTEE<br>700 S. FLOWER ST., SUITE 1950<br>LOS ANGELES, CA 90017<br>PHONE: (213) 996-4400<br>FAX: (213) 996-4426<br><br><br>Chapter 13 Trustee | **FILED & ENTERED**<br><br>**APR 27 2015**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** ghaltchi   **DEPUTY CLERK** |

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| In re: **MARIA TRANSITO PEREZ**<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: **LA15-11940-NB**<br><br>CHAPTER: 13<br><br>**ORDER CONFIRMING**<br>**CHAPTER 13 PLAN**<br><br>DATE: 4/16/15<br>TIME: 10:00 am<br>COURTROOM: 1545 15TH FLOOR<br>PLACE: Roybal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |

The Chapter 13 Plan or last amended plan, if any (the "Plan") of Debtor's, was filed on February 9, 2015

The Plan was served on the creditors pursuant to Rule 3015 of the Federal Rules of Bankruptcy Procedure. The debtor(s) appeared and was/were examined at a meeting conducted pursuant to 11 U.S.C. § 341(a). The court finding that the Plan meets the requirements of 11 U.S.C. §1325, IT IS ORDERED AS FOLLOWS:

The Plan is hereby confirmed, with the following provisions:

1. Plan payments:

   a. ☐ The amount of each monthly plan payment is $_____. The due date is ____ day of each month for _____ months. The Plan provides for the payment of ____% of allowed claims for general unsecured creditors.

   b. ■ The amount of each monthly plan payment is $476.00 for months (1-2). For months (3-40), the monthly plan payment is $497.00. For months (41-60), the monthly plan payment is $1,021.00. The due date is the 11th day of each month for 60 months. The Plan provides for the payment of 100.00% of allowed claims for general unsecured creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

April 2010                                                     1                                          F 3015-1.21.ORDER

| In re: **MARIA TRANSITO PEREZ** | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: **LA15-11940-NB** |

2. Confirmation of the Plan is without prejudice to the rights of secured creditors with respect to post-petition defaults by the debtor(s).

3. Other provisions:

   a. ■ This is a base plan with the debtor(s) paying at least $40,258.00 of disposable income into the Plan. The Debtor shall submit statements of income on an annual basis to the Trustee, which income shall be reviewed by the Trustee who may petition the court to increase the monthly plan payment for cause until such time as all allowed unsecured creditors, to the extent they are to be paid during the term of the Plan, are paid 100%. The Trustee may increase the dividend paid allowed claims until the full amount of the plan base stated in this paragraph has been paid by the Debtor or the claims have been paid in full without further notice or order from the court.

   b. ■ The Trustee is authorized to make payment to holders of secured claims based on the Plan. However, a filed claim will control the amount owed the creditor, unless an objection is filed, whether that amount is more or less than the amount provided by the Plan.

   c. ■ Counsel for Debtor is awarded fees of $3,500.00; having previously received $2,500.00, counsel is entitled to payment of $1,000.00 from the estate.

   d. ■ See attachment for additional provisions incorporated in this Order.

   e. ☐ Interlineations:

<div style="text-align:center">###</div>

Date: April 27, 2015

Neil W. Bason
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

April 2010                                    2                                    F 3015-1.21.ORDER

| In re: **MARIA TRANSITO PEREZ** | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: **LA15-11940-NB** |

## ATTACHMENT FOR ORDER CONFIRMING CHAPTER 13 PLAN

1. The Debtor is required to pay the full base plan amount prior to discharge of the case. Any tax refunds submitted to the trustee will not reduce the base plan amount.

2. If the Debtor has elected to pay the plan payment via electronic transmission and has possession and control of a bank account, the plan payment shall be electronically deducted from said account. Unless otherwise ordered by the court, any plan payments deducted from a bank account shall be property of the bankruptcy estate upon electronic transmission of the plan payment and the plan payment shall not be subject to refund, cancellation and/or transfer to the Debtor, which includes but is not limited to any rights for refund, cancellation and/or transfer to the Debtor arising under state law. Should the Trustee incur any additional fees, penalties or expenses due to insufficient funds in the Debtor's bank account, the Trustee is authorized to deduct said fees, penalties or expenses from any future plan payments submitted to the Trustee or from the current balance on hand, if any exists, as a priority administrative expense under 11 U.S.C Section 508(a)(2).

3. The Base Plan Amount may be modified under the following circumstances:

    a) If the plan provides for payment of all allowed secured claims, priority claims and 100% of the non-priority unsecured claims, the plan may be deemed paid in full prior to payment of the entire Base Plan Amount;
    b) Refinance or sale of property of the estate within the applicable commitment period of the Plan, if the plan provides for payment of all allowed secured claims, priority claims and 100% of the non-priority unsecured claims;
    c) Any income increase. An income increase includes, but is not limited to, any earning increases after the plan is confirmed, lottery winnings and/or an inheritance;
    d) Modification of the plan.

4. The percentage to the allowed non-priority unsecured creditors at the time of confirmation is 100.00%. This percentage may be modified if the allowed claims filed by the non-priority unsecured creditors is less than the amount provided for them in the plan and the plan pays less than 100% to allowed non-priority unsecured claims. The Trustee shall disburse said amount in payment of allowed unsecured claims up to payment of 100% thereof. No further notice or hearing is required for the Trustee to adjust the percentage to be paid to allowed non-priority unsecured claims.

5. If the plan is rendered infeasible due to the occurrence of some event which includes but is not limited to the filing of a creditor's claim, the granting of a supplemental fee application or the granting of a detailed fee application, the Trustee shall extend the plan term to the extent necessary to render the plan feasible but in no event shall such extension exceed sixty (60) months. If such extension is required, the Trustee shall file a motion to modify the plan term. If the plan remains infeasible even with a plan term extension to sixty (60) months, the Trustee shall notify the Debtor and the Debtor's attorney, if applicable, of the continued infeasibility of the plan.

6. The court retains jurisdiction to hear the Trustee's motion to compel the Debtor to pay all projected disposable income for the applicable commitment period.

7. Each year a case is pending after confirmation of the plan, the Debtor shall provide to the Trustee:
    (1) a copy of the Debtor's federal income tax return and copies of forms W-2 and/or 1099 to the Chapter 13 Trustee all within 10 days after the income tax return is filed with the Internal Revenue Service,
    (2) any request for extension of the deadline for filing the federal income tax return with 10 days after request for extention is filed with the Internal Revenue Service.

8. If the Debtor's attorney has not yet submitted to the Trustee an application for fees, no funds will be paid (or set aside for such purpose) until the Trustee receives an entered order approving such fees. Disbursements to other creditors will commence immediately. However, if the Debtor's attorney has filed a Rights and Responsibilities Agreement, the order confirming the plan shall also act as the order approving attorney's fees as disclosed in the amount of $3,500.00. If a Detailed Fee Application has been approved by the court, the attorney shall be awarded fees as set forth in the Detailed Fee Application and the Chapter 13 plan which are incorporated herein by reference. Any fee for the Debtor's attorney of record which is to be paid in Class 1 of the confirmed plan shall be interlineated to reflect the amount which should be paid post-petition pursuant to the filed Rights and Responsibilities Agreement (RARA), the Disclosure of Compensation of Attorney for the

Main Document    Page 4 of 6

| In re: **MARIA TRANSITO PEREZ** | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: **LA15-11940-NB** |

Debtor and Paragraph Number 9 of the Statement of Financial Affairs. If there is any discrepancy in the amount to be paid post-petition for the attorney of record's fee, the Trustee is authorized to interlineate the confirmed plan to show the amount which appears to be the most reasonable and accurate based on the Trustee's review of all relevant documents filed with the court. Notwithstanding any amount set forth in the Rights and Responsibilities Agreement, the aggregate fee paid pre-petition and to be paid pursuant to the confirmed plan shall not exceed $5,000.00 for a debtor engaged in a business and $4,000.00 for all other cases. The attorney of record shall have a reasonable opportunity to clarify the fee discrepancy when the Trustee issues her Notice of Intent to Pay Claims and/or Status Report.

9. Unless otherwise ordered, the Debtor shall pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities.

10. A payroll deduction order may be issued when the Debtor is delinquent by one plan payment. No further declaration or order is required.

11. If the Debtor's plan provides less than a 100% dividend to class five creditors, the Debtor shall turn over all federal income tax refunds to the Trustee for the first three years of the plan.

12. If the Debtor is self-employed the Debtor shall provide financial statements, including but not limited to bank statements, profit and loss statements, a balance sheet, and a cash flow statement for every six (6) months of the plan term.

13. Prior to any discharge, conversion or dismissal of the case, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

14. Each year during the pendency of the plan, the Debtor shall provide to the Trustee at least 45 days prior to the anniversary date of the entry of the order confirming the plan, a statement, under penalty of perjury, of the income and expenditures of the Debtor for the tax year most recently concluded and of the monthly income of the Debtor that shows how income, expenditures and monthly income are calculated.

    The statement shall disclose:

    - the amount and sources of the income of the Debtor;
    - the identity of any person responsible with the Debtor for the support of any dependent of the Debtor; and
    - the identity of any person who contributed and the amount contributed to the household in which the Debtor resides.

15. Before the due date of the last plan payment of the plan or any subsequently modified plan, the Debtor shall complete a personal financial management course from a provider approved by the Office of the United States Trustee.

16. If during the pendency of the plan, the Debtor becomes obligated to pay a domestic support claim, he or she shall provide the following information to the Trustee:

    - name, address and telephone number of any domestic support claimant;
    - name, address and telephone number of the State child support enforcement agency of such claim.

17. If during the pendency of the plan, the Debtor(s) become involved with any proceeding where the Debtor(s) may be convicted of a felony as forth under 11 U.S.C. §522(q)(1)(A) or the Debtor(s) are involved with any proceeding where the Debtor(s) may be found liable for a debt of the kind described in 11 U.S.C. §522(q)(1)(B), the Debtor(s) shall immediately notify the Trustee in writing of the nature and status of the proceeding.

18. If the Debtor and mortgage lender enter into a valid and binding agreement whereby the terms of a mortgage loan are modified, the Debtor shall, within 30 days of approval of the loan modification, produce a copy of the executed loan modification agreement to the chapter 13 Trustee, file an amended Schedule J to show the modified mortgage payment expense, and provide written notice to the chapter 13 Trustee of the foregoing.

19. If the Debtor recapitalizes the arrearage owed to a creditor whose claim arises from a security interest in real property or otherwise causes the arrearage owed to a creditor whose claim arises from a security interest in real property to be incorporated into the principal balance or recharacterized as interest, fees, or any future liability through modification of the

| In re: **MARIA TRANSITO PEREZ** | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: **LA15-11940-NB** |

existing loan agreement, the Trustee shall be entitled to her statutory fee for the arrearage notwithstanding the filing of an amended claim or modification of the plan by any party in interest which eliminates the arrearage by virtue of said loan modification.

20. If the confirmed plan provides that a security interest in real property secured by a deed of trust or otherwise is to be avoided pursuant to 11 U.S.C. 506 and no motion or adversary proceeding has been filed, the chapter 13 trustee is authorized to disburse funds to the secured creditor subject to the 11 U.S.C. 506 action until such time as a motion or adversary proceeding to avoid the lien is filed.

21. If the confirmed plan provides that a security interest in real property secured by a deed of trust or otherwise is to be avoided pursuant to 11 U.S.C. 506 and a motion or adversary proceeding has been filed but no order or judgment has been entered within thirty days of the court's ruling on the motion or court's judgment in the adversary proceeding , the chapter 13 trustee is authorized to disburse funds to the secured creditor who has filed the allowed claim until such time as an order or judgment has been entered.

22. The Chapter 13 Trustee's Fee - the Trustee's administrative fee shall be paid at the time of receipt of the plan payment or other property of the estate.

| In re: **MARIA TRANSITO PEREZ** | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: **LA15-11940-NB** |

| PAYMENT # | DATE | AMOUNT | PAYMENT # | DATE | AMOUNT | PAYMENT # | DATE | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | 3/11/15 | $476.00 | 21 | 11/11/16 | $497.00 | 41 | 7/11/18 | $1,021.00 |
| 2 | 4/11/15 | $476.00 | 22 | 12/11/16 | $497.00 | 42 | 8/11/18 | $1,021.00 |
| 3 | 5/11/15 | $497.00 | 23 | 1/11/17 | $497.00 | 43 | 9/11/18 | $1,021.00 |
| 4 | 6/11/15 | $497.00 | 24 | 2/11/17 | $497.00 | 44 | 10/11/18 | $1,021.00 |
| 5 | 7/11/15 | $497.00 | 25 | 3/11/17 | $497.00 | 45 | 11/11/18 | $1,021.00 |
| 6 | 8/11/15 | $497.00 | 26 | 4/11/17 | $497.00 | 46 | 12/11/18 | $1,021.00 |
| 7 | 9/11/15 | $497.00 | 27 | 5/11/17 | $497.00 | 47 | 1/11/19 | $1,021.00 |
| 8 | 10/11/15 | $497.00 | 28 | 6/11/17 | $497.00 | 48 | 2/11/19 | $1,021.00 |
| 9 | 11/11/15 | $497.00 | 29 | 7/11/17 | $497.00 | 49 | 3/11/19 | $1,021.00 |
| 10 | 12/11/15 | $497.00 | 30 | 8/11/17 | $497.00 | 50 | 4/11/19 | $1,021.00 |
| 11 | 1/11/16 | $497.00 | 31 | 9/11/17 | $497.00 | 51 | 5/11/19 | $1,021.00 |
| 12 | 2/11/16 | $497.00 | 32 | 10/11/17 | $497.00 | 52 | 6/11/19 | $1,021.00 |
| 13 | 3/11/16 | $497.00 | 33 | 11/11/17 | $497.00 | 53 | 7/11/19 | $1,021.00 |
| 14 | 4/11/16 | $497.00 | 34 | 12/11/17 | $497.00 | 54 | 8/11/19 | $1,021.00 |
| 15 | 5/11/16 | $497.00 | 35 | 1/11/18 | $497.00 | 55 | 9/11/19 | $1,021.00 |
| 16 | 6/11/16 | $497.00 | 36 | 2/11/18 | $497.00 | 56 | 10/11/19 | $1,021.00 |
| 17 | 7/11/16 | $497.00 | 37 | 3/11/18 | $497.00 | 57 | 11/11/19 | $1,021.00 |
| 18 | 8/11/16 | $497.00 | 38 | 4/11/18 | $497.00 | 58 | 12/11/19 | $1,021.00 |
| 19 | 9/11/16 | $497.00 | 39 | 5/11/18 | $497.00 | 59 | 1/11/20 | $1,021.00 |
| 20 | 10/11/16 | $497.00 | 40 | 6/11/18 | $497.00 | 60 | 2/11/20 | $1,021.00 |